And we'll call our second case this morning, number 14-1573, Erie Insurance Exchange et al v. Stover et al. Nurses Radcliffe and Fierson. William Radcliffe Good morning, Your Honors. William Radcliffe Good morning. William Radcliffe I'm William Radcliffe and I represent Exchange and its policyholders. I would ask to reserve five minutes. William Radcliffe That's fine. Obviously you attempted to settle this matter, but we do have some questions relating to whether we, among other things, whether there is even a final order so that there is, we have appellate jurisdiction. That was one of the reasons that we have you here today. Could you address whether the referral back to the state agency by the district judge here is a final order? And because what the court did, it didn't stay the case like the Court of Common Pleas did. It dismissed it. It dismissed it without prejudice. However, we think under the two cases from this circuit, Richmond and Farmer's Cheese, it is a final order because it was referred to a state agency and there can be no federal review. It was essentially an abstention order in the sense that there was no discrete issue to transfer the case to the insurance department. It simply followed the lead of the previous state case, and I presume you're familiar with the previous state case, which referred it to all issues to the insurance department. That is correct. So this wasn't a discrete transfer. This was essentially an order, and not only did he refer it generally, he dismissed it. Well, yeah, but it was a transfer, and even the fatal complete, the agency took it and did not resolve the federal issues which still remained before the district court, which seems to indicate that it did precisely what the district judge wanted it to do. In other words, resolve its area of expertise and left the federal issues, which are state issues under diversity jurisdiction for the district court to resolve. So is that the quintessential example of an order which is not final and is sent to an agency for its expertise review? No, I don't think so. I think the state agency clearly didn't dispose of any of the federal issues. We agree with that. What are the federal issues? The federal issues are whether the directors of indemnity, which indemnity is a for-profit stock company that controls my client exchange, which is an unincorporated association consisting of policyholders, whether they breached their fiduciary duty, the directors of indemnity breached their fiduciary duty to exchange. And there's two claims primarily. One is a breach of fiduciary duty, and the other is the breach of what we've called the acceptance, or they call the acceptance of trust, in which they said they would exercise their fiduciary duties in favor of exchange. Now, I agree with you. Is that a federal claim or does it sound, just as you say it, it sounds like a state law claim? It is a state law claim, Judge. Okay, but these are claims that you say were unresolved by the state agency. That is correct. Okay, so even though they're state law claims, they remain as federal diversity jurisdiction claims. So this confuses me now. Why the district judge dismissed this case without prejudice as opposed to maybe? Well, if he had stated just to preserve the status quo, then we wouldn't have an issue, one, as to the statute of limitations, and two, as to the jurisdiction of the insurance department as to the federal issues. Well, it's a difference without a distinction. The district court still has jurisdiction to hear the case, because it was dismissed with prejudice. And the district court specifically referred it to the state agency for its expertise, and it remains open, this contract and tort claim, for the federal resolution under diversity of citizenship, even though it's a state cause of action. With all due respect, Judge, I don't think it is because, A, the statute of limitations is an issue. We've now gone roughly a year and a half since it was dismissed. And, B, the issue of the insurance department, they're certainly going to argue that is indemnity, that there's collateral stock worldwide. The insurance department's jurisdiction to decide any of these issues. Well, you can't say what the district court's going to do. They haven't ruled on those issues. But clearly they were looking for the matter to be returned after, they said it specifically for resolution of the expertise of the state agency. Yes, sir. But the problem is when if you would affirm the lower court order and we have to refile, the statute of limitations will become an issue. And have we preserved the insurance department jurisdictional issue? That's a matter before the district court, not before this court. Well, if the district court says we haven't, then we have no federal redress. Let me ask you this. There's such a thing. If this court had jurisdiction and were to say primary jurisdiction referral was wrong. Yes, ma'am. Then the referral from the district court would be no good and would not have race judicata effects. But there's still the state court referral, and wouldn't that have some collateral effects no matter what happens in the federal case? Well, I don't think so. Tell me why not. Well, because first the state court had different parties. The state court did not involve the defendants here. It involved indemnity itself. It didn't at the time involve the trustees. It didn't involve the directors of indemnity. It just involved indemnity, right? That's correct. Okay. And it involved a different agreement. That was the subscriber's agreement, the agreement in which indemnity had full control over exchange which doesn't have a board of directors, doesn't have employees, doesn't have any bylaws, doesn't have anybody to protect it. So what document was before the state agency as a result of the federal referral? What different document? Well, it was the acceptance of trust. That's the document. I don't believe they analyzed it or in any way interpreted it, but that was the document that was a matter of record and the complaint that was referred to them. Did you make an application to the district court after it dismissed this without prejudice that it vacate that order and dismiss it and vacate that order and stay the case? Did you make an application to the district court of that nature? No, sir. So how can you make this argument to us now when you're talking about you have a defense that you failed to make yourself to the district court? To me, it's not before me, but it appears the statute of limitations is not run if you send it to the state court for a resolution of part of the case. But even if it did, it appears that you're making an argument to us that you failed to make to the district court itself, i.e., that it should have been dismissed staying, not dismissed without prejudice. Well, we took an appeal from that order dismissing it without prejudice. We had no idea what the lower court was going to do, and we took an appeal from that directly here. Yeah, well, so you say that issue is before us? Yes. Well, then part of your argument is that what? The statute of limitations is not running by reason of the refer by the district court. Is that part of your argument? Our argument is that the district court should not have dismissed it without prejudice. It should have stayed if it wanted to do anything. That's number one. Number two, this is an appealable order because we're out of federal court, completely out of federal court. If you look at America Cheese and Richmond, that's the standard. But you acknowledge that the state court causes of action for contract and tort are still alive and kicking. That may resolve by this administrative agency to which this was referred. Well, I acknowledge that. I'm quite sure the other side may argue to the contrary. Well, they can argue anything they want, but the state court agency, the very report that they gave did not resolve those issues. In our opinion, it did not, Judge. Yes, it's obvious. We read the report. Can I just jump in here, Nat? What is the statute of limitations for this? For breach of fiduciary duty, it's two years, Judge. Two years. Yeah. And so has it run? Well, we have alleged, Judge. That there's a continuing violation. Yes. I understand. Yes. But if there's not a continuing violation, has it run? From the date they dismissed it? No, Judge. From the date they dismissed it, it was roughly a year and a half. I may be off a little bit, but a year and a half. It hasn't run from that date. But certainly they're going to raise it as to prior to that time. Well, did you file a protective complaint with the district court to protect your statute of limitations issue if you have one? I'm not too sure. I don't think I would, but. I did not, Judge. I did not file one. Why not? Because I didn't think about it, Judge. You just mentioned it. I have two questions. That's interesting. I have two questions. They tried to remove the opponents. The defendants tried to remove this to the state court case to the federal court, right? And you opposed that. Way back when, Judge. Way back when. Yes, ma'am. But then you brought a case in the federal court. That is correct. Against different parties. That is exactly right. All right. That was. Okay. And because it's different parties, you had a sane reason for doing that. Yes, ma'am. Okay. Hopefully. Let me ask you another question. This has to do with the merits. Can I ask a question about the merits? Sure. In case there's jurisdiction here, how did the district court abuse its discretion by referring this to the state agency? I think the best example of that is read the opinion. There's no special expertise here in determining fiduciary duties or breach of the acceptance of trust. Read the opinion. There's no expertise in the insurance department. You don't think that the issue of what is a premium and what isn't a premium was within the expertise of the state agency and wasn't that part of the referral? We don't think that's an issue, Judge. We think the issue is did you breach your fiduciary duty. We don't think it matters whether you call it a premium, non-premium tax. It doesn't matter to us. All right. Okay. Okay. Let's hear from opposing counsel. Mr. Fierson. Good morning. May it please the court, Stephen Fierson, and I represent the FLEs in this action. Just on the jurisdiction question, it seems to me, I mean, we have a case called CORE Communications from 1997. It's at 493 F3rd, page 333. And on page 338 it says, since the plaintiff in that case, when you have a statute of limitations controlling claims that CORE was not instructed to present to the Pennsylvania Public Utilities Commission will certainly limit its ability to refile. We will treat that order as final for purposes of this appeal. If the statute of limitations runs here and it's deemed that it's not a continuing violation, and we've got a few more months even without that, but nonetheless, if it does run, wouldn't that certainly limit the ability to refile? We don't think so, Your Honor, for a number of different reasons. One, as one of the members of the panel pointed out, you have the state court action existing. The statute's not running. There was a stay there. There's not this issue of dismissal without prejudice. Two, you have the waiver issue that Judge Cowley- Wait just a second. State court action's running, but it doesn't include these directors of indemnity. Well, that's a really good question because there's a bunch of, as the courts undoubtedly were, there's a bunch of case law that suggests in a setting like this where the plaintiff is the same and you start trying to hive off different parts of the same defendant, there's privity. In other words, there's privity between the directors and the corporation. It's the exact same transactions, just so we're clear here. The claim in the state court action and the claim in the federal court action is identical. The claim is that the company impermissibly retained these charges. So he sues the company and says, well, you companies shouldn't have done that, and then he sues the directors and says, well, you run the company, so you're to blame too. In a setting like that, there's privity, and you can find these principles in different places including in the collateral estoppel context, right, where you sort of say, I mean, can I get out from underneath it just because I named another person? Well, just because there's privity, if he hasn't sued the guys in state court, he's not going to be able to hold them liable in state court. It has to be through the federal action that he has them liable. There may be privity, but if he wants their money, doesn't he have to sue them? Well, but the issue is the running of the statute of limitations, right? So you get back to the issue if it's if. So he won't run because there are privity. One of the things that we've agreed with counsel about is that we're not going to make the claim that the statute's run because in our reading of the law, there's going to be tolling of the statute. Our entire argument is that this is not a final order, that the proceeding was simply suspended as it is. But wouldn't a better practice have been to stay just exactly as the Court of Common Pleas did rather than dismiss without prejudice? Your Honor, I certainly wish the district court had done that, not that I don't enjoy appearing in front of all you. I mean, that's what creates the problem. But the U.S. Supreme Court in Reeder v. Cooper did say in a primary jurisdiction context, the court has the option of either staying or dismissing without prejudice, assuming there's no substantial disadvantage to the party. So that's the argument here. Let's get to the chase here on this argument. Yes. I understand your position that district court referred this for expertise of the agency, and whether or not Reeder did not resolve the tort and contract claim, you can argue that one way or the other when you get to the district court, but you acknowledge that in so many words it didn't resolve those claims. So they certainly can go to the district court and argue that there's still a contract and tort claim open, and the district court will have to resolve whether it exists anymore, right? Okay. Before I answer further, let me ask this. When they come back to the district court, would you state here for the record, I think the statute of limitations is not run, myself personally, but I'm not in the district court. I'm in the court of appeals. Are you in a position to state for your client that should they come back to the district court with the two remaining only issues, that the statute of limitations has not run or you would not raise it if it has run? I will so state. You do state that? Yes. All right. That's it then. And on the finality question, right, the law is from the Supreme Court on down, that it's only final if there is nothing left for the district court to do. But you're not going to raise it even if there is a statute? Yeah. I mean, we're going to raise the fundamental statute of limitations problem on the continuing violation. That's another story. But not on the tort or the contract alleged claims. But we're not going to say that in this period from the time of the dismissal without prejudice until the time we go back that the statute was running. That's sufficient. Thank you. Well, I don't know. Let me ask you this. Yes. We're talking about federal appellate jurisdiction. Right. And it seems to me we either had it when this case started in the court of appeals or we didn't have it. So if that's true, then how can anything you do now change it? Well, it isn't anything that we're going to do now. It's just our view has been all along that the statute of limitations argument is a bogus argument because there has to be tolling one way or the other. We can't in good conscience come into this court and say you shouldn't view it as a final order because everything is just suspended. It's the same as the stay. But guess what? The statute is wrong. You can't, at least we wouldn't think that was proper to do. So in answer to Judge Cowan's question, it was actually a fairly easy answer for us. Our whole point is it's the reason we initially filed a motion to dismiss the appeal, is that as long as there is anything left to be done in the district court, it is not a final order. So the new plan is to go back to the district court and ask the district, if we say we had no jurisdiction, we don't want to do anything to do with this, to go back to the district court and say, oh, we just convert this to a stay and let's go forward from here. Well, they don't have to do this. It's over. And it's, as most things in this case, it's more complicated because Mr. Radcliffe has taken an appeal to the Commonwealth Court of what the Pennsylvania Insurance Department has done. It seems to make sense. So we have to go through that. It makes sense. So we have to go through that. Whoever loses, my guess is, will try to go to the Pennsylvania Supreme Court. When that's all done with, somebody's got to make a decision about whether we're going back to the common pleas court or we're going to the federal district court in the first instance, depending on where we go. There are collateral estoppel issues. It's one of the reasons why this is so far from being final. Okay. Can I go back to my question? Yes. The plan now is to get the court, district court, if it gets jurisdiction back, to ask it to please reopen the case and to stay it for the state court. Isn't that the plan? No. I don't think so. What's the plan? I think it's up to the plaintiff to decide whether or not the plaintiff wants to go back and ask for the complaint to be reinstated and for there to be a stay order. If the plaintiff did that, we would not oppose that. Okay. For my own satisfaction, what's it do between Farmer's Cheese and Richmond and this case, or what right do they cast on this? This, of course, was referred to a state agency, not to a federal agency. I think that the entire issue of state versus federal is a bogus one. The real issue is the difference between primary jurisdiction and abstention. That's the real issue. With abstention, which is what you had in Farmer's Cheese, the federal court says – Was it Burford or – It was on Burford abstention. Burford abstention. And the federal court goes like this and says, not for me to decide. I'm out of it. Nothing left for me to do. Whereas in a primary jurisdiction case like this one, what the court is saying is, no, no, I understand it's coming back. I understand there are things I'm going to have to do. But I want to hear what the expert agency has to say before I go do those things. And that's the difference. Well, normally this wouldn't – this is not like abstention ordinarily. Because of the different parties, it's not completely parallel. But you say that doesn't matter in this case because of privity. Is that what you're saying? Yeah, but I think the real distinction is not the party distinction. The real distinction here is this issue of whether the jurisdiction of the federal court is being displaced in favor of a state court or agency, or whether all the federal court is doing is saying, I understand there will be other things for me to do, but before I do those things, I want to hear what the expertise of the agency has to say. I don't understand a dismissal with prejudice, then. A dismissal without prejudice? Without prejudice. I don't get it. The concept is, if the district court had dismissed with prejudice – Well, I know. Okay, that's different. No, but I don't understand. Well, I can't. Somebody must have asked them. No, in fact, interestingly, there was a motion to dismiss filed by the defendants. And in the form order, it simply said, dismissed. What the district court did was it went out of its way not to just sign that and have it dismissed. Without prejudice. Without prejudice, which I think also indicates that the district court judge understood it was coming back, but in the meantime, I want to hear what they have to say. Another interesting point in that, I think, is that these are all state law issues, and the state court had already sort of reached its decision that it was going to refer it. And so here's the state court saying, under state law issues, this is what I think the proper approach is. You see in the district court opinion, the district court referring to that and saying, well, yeah, I mean, okay, makes sense. And it is an abuse of discretion standard. Hard to see how that's an abuse of discretion. So let's just back up for one second. You don't believe this is an exclusive primary jurisdiction case, but rather one of primary jurisdiction that exists with the state agency? We did argue to the common police court that it was exclusive jurisdiction, but if it wasn't, it was at least primary jurisdiction. Okay. And the state agency has come out with a decision? Correct. Does that make the, whether it be primary jurisdiction or whatever, does it make the matter moot? Well, we think yes, because now we're past whether it should have been referred or not. Well, but you're not foreclosing him from making an argument. The district court, the contract claim and the tort claim, and the district court, if he makes that argument, will have to resolve whether or not that was racked up and resolved by the state agency. Precisely. They have a big dispute over that, as you might imagine. Why, when this was referred to the state agency, were there not discreet issues noted by the court? That's normally what happens. I mean, the typical protocol is I'm going to ask state agency to deal with issue A and B and I will stay the matter. The court's absolutely correct. That's the normal thing, if you looked at these, what you would see. Here, I think the difference was what the plaintiff was complaining about were, quote, intercompany transactions actually pled that the problem were these, quote, intercompany transactions. There is a statute, the Insurance Holding Company Act, in which the power to regulate, quote, intercompany transactions, that is transactions between different parts of the same holding company, is given to the insurance department to regulate and to deal with. So, again, reading minds a little bit, but I think what the state court was saying was you filed a narrow complaint which attacks intercompany transactions. Those transactions are within the Holding Company Act. That gives enforcement authority and regulatory authority to the insurance department. So I want to hear what you have to say about these intercompany transactions. That's what you're supposed to be doing. Understand that all of the issues here, so the plaintiff complains about breach of contract of the subscribers agreement. The insurance department reviews and has to approve the subscribers agreement. Talks about all these service charges. They all have to be submitted to the insurance department. The insurance department has to review them. The insurance department has to approve them. Talks about disclosures. That has to go to the insurance department. So in answer to Judge Ambrose's question, I think every single piece of this is something which had gone to the insurance department. They had touched it in one way or another, and the statute says that they have regulatory authority over these particular things that the plaintiff is complaining about. Well, that's a good argument to take to the district court when you get there if he refiles it. I'm practicing. Well, you have a legitimate argument to say it's been resolved in the administrative agency, but that's not before us whether it was resolved. We only know that for certainty the area that it did resolve was within its expertise, and it was a legitimate referral. Yes. Thank you very much. We'll hear from Mr. Radcliffe. Mr. Radcliffe, we've settled the statute of limitations. That's out of the case. Thank you, Judge. I'm not even going to bill you any fee for that. I appreciate that, Judge. But we twisted his arm, and he willingly acknowledged you could come back to district court, and he's going to say welcome. The problem here is what path do you go? It seems like either way possibly you lose. Either we don't have jurisdiction, at least it was before us, or if we do have jurisdiction, the matter is moved by virtue of what the state agency did. Well, the only issue that's not moved, take the second scenario, the only issue that's not moved is whether they had jurisdiction because it could be arguable that it has little or no effect if they had no jurisdiction. And that's one of the things we haven't talked too much about in this article. We focused on the first issue. And the state law was pretty clear on this. The only time a referral should take place, these are Supreme Court cases, there's two Supreme Court cases, when the insurance department has special expertise. Now, the insurance department took jurisdiction under the Insurance Company Holdings Act, which as counsel said does govern transactions between two members of a holding company. But the board of directors are not members of a holding company. The board of directors had an individual duty under a separate agreement that as far as I know is unique. It's not something that every insurance company has because most insurance companies protect their shareholders, policy holders, and the insurer, most insurance companies have a board of directors. Here there's no board of directors. This insurer has no one to protect it. So the problem, the way they attempted to get around it, was to have them enter into this acceptance of trust. And this acceptance of trust is simply a contract. The issue is how do you enforce that contract and how do you intend it? Well, aren't you going to argue in the state appellate proceedings your jurisdiction of that administrative office for whatever you think was error in their jurisdiction? Well, the state appellate proceedings, that is correct. I'm going to argue that. So those arguments are available to you in the state system. And at the least, if you feel as if the contract and tort claims are not resolved in this administrative proceeding, it's obvious now that you have an entree to the district court. To have the district court, you can allege in district court that those are still open. I understand from your adversary that they're going to argue they've been resolved, but that's for another day. But you understand you still have entree to the district court. Well, we do have an entree to the district court without a statute of limitations issue. On the contract and tort claims. That's right. That's correct, Judge. But I told Judge Restani that it was a two-year statute. That's on the fiduciary claim. On the contract claim, it would be a four-year statute. The other part of that is, though, did the insurance department have special expertise? And we don't think they did. The prime example of not having expertise is they don't mention the concepts of self-dealing. They don't mention or analyze the concept of conflict of interest. So from our standpoint, why should it have gone to the insurance department in the first place? Well, you can argue that to the district court when you go back there. You should have said it never should have been referred, and it should pay no heed to the decision of the state administrative agency. If that was a final order, Judge, then we have to argue it now. Well, if it's not a final order, you could argue it when you go back to the district court. That's correct, Judge. So that also, as far as I see, unless I'm missing something, something's going on in my head here, any arguments you want to make are still open to you in the district court. As long as it wasn't a final order. Well, it's not a final order if you have a no statute of limitations problem. Well, Judge, if it was a final order, then we have to argue these issues now. We don't have any alternative but to argue them now. What's your plan here with this voluntary dismissal stipulation you signed? Well, the plan was to restore the status quo, what we think the district court should have done to begin with, restore the status quo and there's no statute of limitations issue. We don't have to refile. If this court dismissed the appeal, then you go back to the district court with this stipulation, and you hope the district court agrees. Well, we would rather the Third Circuit direct the district court to do that. I see. You want us to order the district court to do that. From a logical standpoint, that's what should have happened to begin with. It should have been stayed. There should have been no issues to the statute of limitations, and the jurisdictional issue should have been preserved. If the appellee agrees with you. We don't live in utopia, unfortunately, and that would be the better way to handle it. But the way it was handled is not wrong. Maybe there's a better way. It should have been stayed. Don't question that. But the fact that it was dismissed without prejudice, we have no statute of limitations problem going back to this court. Now I know that now, Judge. Well, as far as I knew the law, this is not news to me because it was stayed, as far as I know, but for sure now. Any arguments you could have made to the district court before, you can make. Any error that you saw in the administrative proceedings can be made to the appellate process at state court. I don't see where you're being shortchanged on any issue that you have for resolution before the court. What if it turns out we were right, that under state law, the federal court shouldn't have sent the issue between the directors and indemnity to the insurance department? Then the district court can pay no heed to the referral to the administrative agency and resolve that issue itself if it agrees with you. I understand. Any issue you have is still open and available for resolution if you care to go back to the district court, as far as I can see. Can you think of something that's not open? As long as we can have a transcript that I can take to the district court, that's fine, Judge. You got the money in order? You're in business, sir. Thank you very much. Any other questions? No, if you get your order. Judge Ambrose? This is just like a civil procedure exam in law school. Thank you. Thank you very much. Thank you to both counsel for very well presented arguments, and we'll take the matter under advisement.